UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN DOE,
    Petitioner,

v.

JOHN T. CHRISTIANSEN, ESQ and
SUSAN ROY,
    Respondents.                  /

**EMERGENCY VERIFIED PETITION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

    Petitioner John Doe, by and through the undersigned counsel, brings this Petition for Temporary Restraining Order and Preliminary Injunction, and states as follows:

**PARTIES**

    1.    Petitioner, John Doe (hereafter "John Doe") is an individual who resides in Palm Beach County, Florida.

    2.    Respondent, John Christiansen, Esq. ("Christiansen") is a natural person, *sui juris* and is a practicing family law attorney in Palm Beach, County Florida.

    3.    Respondent, Susan Roy (hereafter "Roy") is an individual who resides in Palm Beach County, Florida.

**JURISDICTION AND VENUE**

    4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 as there is federal question at issue under the laws of the Constitution and federal statutes

    5.    This court has personal jurisdiction over Defendant pursuant to Fla. Stat. 48.193(1)(a), as Defendant engages in business and/or business ventures in this state, and pursuant

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 2 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 2 of 18

to Fla. Stat. 48.193(2) as Defendant engages in substantial and not isolated activity in Florida.

**5.** The conduct which is the subject matter of this lawsuit took place within the boundaries of the U.S. District Court for the Southern District of Florida.

**6.** For the reasons stated above, venue is proper in the U.S. District Court for the Southern District of Florida.

### EMERGENCY BASIS AND CERTIFICATION

**7.** This Emergency Motion and Temporary Restraining Order action arises under the Privacy Act of 1974, 5 U.S.C. §§ 552a; 42 U.S.C. §§ 290dd-2; Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1301, et seq.; Civil Rights Act, 42 U.S.C. §§ 1983 and 1985(3). In the state court proceeding, counsel for the Petitioner's Wife, Attorney Mr. John Christiansen committed several wrongful acts and obtained private health information regarding John Doe from the Ambrosia Treatment Center. On or about August 31, 2017, Mr. Christiansen filed a subpoena duces tecum to the state court to obtain John Doe's Private Health Information from Ambrosia Treatment Center regarding Petitioner's substance abuse treatment. Under the law, an individual seeking such private records must abide by several state and federal laws, including Fla. Stat. §§ 456.057, 397.501(7)(a) , and 90.503(2), as well as the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, 45 C.F.R. §§ 160, 164, confidentiality provisions of 42 U.S.C. § 290dd-2, and those stated in 42 C.F.R. § 2.64(e)(3), Confidentiality of Alcohol and Drug Abuse Patient Records, 42 C.F.R. Part 2. These particular private healthcare records contain John Doe's confidential treatment information, including psychotherapy notes, and are afforded the utmost protection from the law.

8.  Immediately upon receipt of the subpoena duces tecum, the undersigned counsel filed a Motion to Quash, which was ultimately denied by the state court without any review or consideration of privacy health standards. Mr. Christiansen then unlawfully presented the court's order to Ambrosia Treatment Center as a legal order for the release of John Doe's confidential records. Section 42 C.F.R. § 2.61(b)(1) mandates that the protected information being sought be specifically authorized and identified by court order in conjunction with a subpoena duces tecum. Mr. Christiansen is now attempting to use this information against John Doe in the underlying proceeding to alter the current time-sharing plan of John Doe and Wife. Several federal statutes protect these records and mandate that prior to the disclosure of John Doe's private health information many legal proceedings and administrative rules are required to be followed. Mr. Christiansen was aware of this regulation and blatantly disregarded it; in doing so, Mr. Christiansen violated John Doe's procedural and substantive constitutional rights to due process. John Doe has been and will continue to be damaged by the unlawful use of these records by Mr. Christiansen. Mr. Christiansen is attempting to use these unlawfully-obtained records to his advantage at John Doe's deposition, currently scheduled for October 3, 2017, and at the hearing on Wife's Motion to alter time-sharing agreement, currently scheduled for October 6, 2017. If these private health records are used at the deposition and hearing, John Doe will suffer irreparable harm should these confidential documents become public records and be unlawfully used by Mr. Christiansen in the state court matter. John Doe has no other recourse but to move on an emergency basis as his private health information, including psychotherapy notes, will become public and be used to disgrace and shame John Doe should the deposition and hearings go forward.

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 4 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 4 of 18

**TEMPORARY RESTRAINING ORDER**

**9.** A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). As a result of attorney John Christiansen's wrongful acts in obtaining the PHI ("Private Health Information") of John Doe from Ambrosia Treatment Center, the many federal statutes which protect these records indicate that prior to the disclosure of John Doe's PHI, many legal proceedings and administrative rules that must be followed were and continue to be violated. In fact, they were all egregiously foregone and violated by opposing counsel who sought and received John Doe's PHI though unlawful means. Unfortunately, the state court denied the undersigned's Motion to Quash Christiansen's Subpoena Duces Tecum and therefore John Doe is forced to seek protection under federal law as a last resort.

**10.** As a result, John Doe has been and will continue to be damaged by the unlawful use of his PHI in the underlying divorce action. He will face irreparable injury as a result of the present uncertainty on these issues and the risk of potentially lifelong damaging action against him. Clear direction from the court is essential to ensure that Petitioner John Doe's PHI are not used in a way as to harm him which is forbidden by 42 U.S.C. § 290dd-2, and those stated in 42 C.F.R. § 2.64(e)(3). Confidentiality of Alcohol and Drug Abuse Patient Records, 42 C.F.R. Part 2.

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 5 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 5 of 18

**11.** Christiansen has set the deposition of John Doe for October 3, 2017. At that deposition, it is believed that Christiansen will use the records he subversively obtained from Ambrosia Treatment Center to embarrass, humiliate and disgrace John Doe. Christiansen has a grossly unfair advantage in this case with the unlawfully obtained PHI he received regarding the Petitioner's rehabilitation treatment and highly protected psychotherapy notes. The private health information was obtained from Ambrosia Treatment Center by Christiansen with blatant disregard for all federal regulations and procedures set in place to protect individuals private treatment records. Christiansen is already not only attempting to humiliate and disgrace John Doe with these records by intending on using them at John Doe's deposition, but he is also using portions of the record against John Doe in his divorce proceedings which include a section on the timesharing of the parents' minor child.

**12.** To address the uncertainty and serious harm that the disclosure of John Doe's PHI may cause, the undersigned attorney has brought this action on behalf of John Doe to ensure compliance with the protections for PHI as provided by 42 U.S.C. §§ 290dd-2 and implementing 42 C.FR. Part 2. That section provides that the records of a substance abuse center may only be disclosed under very limited circumstances and after court review. Court review of the records did not take place in this case. Additionally, some of the PHI is protected under all circumstances. Again, <u>all</u> of John Doe's PHI located at Ambrosia Treatment Center were unlawfully obtained by Attorney John Christiansen.

## FACTUAL BACKGROUND

**13.** This Emergency Verified Motion and Temporary Restraining Order action arises based on violations of the Privacy Act of 1974, 5 U.S.C. §§ 552a; 42 U.S.C. §§ 290dd-2; Health

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 6 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 6 of 18

Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1301, et seq.; Civil Rights Act, 42 U.S.C. §§ 1983 and 1985(3). Through this motion, the Petitioner seeks to restore his constitutional rights of Due Process as a patient engaged in a legal process that is protected under state laws, specifically Florida Statute sections 456.057, 397.501(7)(a) 90.503(2), as well as federal laws, specifically the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, 45 C.F.R. §§ 160, 164, confidentiality provisions of 42 U.S.C. § 290dd-2, and those stated in 42 C.F.R. § 2.64(e)(3). Confidentiality of Alcohol and Drug Abuse Patient Records, 42 C.F.R. Part 2.

14. The named Petitioner in this action, John Doe, is the Petitioner in a divorce proceeding filed in the Circuit Court of Florida, before the Honorable Edward Garrison. On or about August 31, 2017, Christiansen filed a subpoena duces tecum to obtain John Doe's private health information from Ambrosia Treatment Center regarding Petitioner's substance abuse treatment. Petitioner immediately moved to quash the subpoena which was denied by the Court at the September 6th hearing. The state court entered an order provided by attorney Christiansen at the hearing which simply stated "that the former husband's motion for protective order and motion to quash served August 31, 2017, be and the same is hereby denied."

15. Attorney Christiansen then unlawfully presented that order to Ambrosia Treatment Center as a legal order for the Petitioner's private health information ("PHI") to be released. Christiansen was aware of state and federal regulations regarding patient privacy but failed to adhere to them and violated Petitioner's procedural and substantive constitutional rights to due process as well as privacy rights. The state court did not provide a valid court order for the treatment center to disclose the Petitioner's PHI. Even if it had it would be unlawful to release the

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 7 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 7 of 18

full set of PHI as mandated by statute to only disclose PHI expressly authorized by such order. Christiansen obtained Petitioner's PHI under unlawful means by producing a denial of protective order of the subpoena duces tecum to the treatment center under the guise of having express permission to obtain the confidential records from the state court. The Federal confidentiality law applies whether or not the person making an inquiry already has the information, has other ways of getting it, has some form of official status, is authorized by State law, or comes armed with a subpoena or search warrant. 42 C.F.R. Part 2.

16. Additionally, Christiansen caused the treatment center to not produce the records at the place and time required by the subpoena for deposition duces tecum which required the treatment center to appear "before the Honorable Edward Garrison" at the main courthouse in "Room 6K" for the in-camera review of the PHI. Christiansen caused the treatment center to disclose 66 pages of Petitioner's protected and sensitive records directly to him without regard for their patient's federal and state rights. This stopped the state court from being able to rule on "good cause" or to limit the information essential to fulfill the purpose of the order.

17. Christiansen then emailed the PHI unencrypted to undersigned counsel, with a letter, on September 19, 2017. The PHI was most likely released to more unauthorized persons by Christiansen. The PHI included "confidential communications" including psychotherapy notes and detailed treatment notes. These psychotherapy notes were from private counseling and group sessions. Christiansen and the lower court were aware that the Petitioner is protected under federal HIPAA laws. C.F.R. Privacy Rule, 45 C.F.R. §§ 160, 164. Christiansen was aware that the Ambrosia Treatment Center did not have a signed valid authorization to release Petitioner's PHI under HIPAA laws. 45 C.F.R. Section 164.508(b) Christiansen was also aware that the

Case 9:17-cv-81115-RLR Document 1 Entered on FLSD Docket 10/04/2017 Page 8 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 8 of 18

mandated court procedures before the release of the PHI had not occurred and still sought the unlawful release from the treatment center.

18. The Petitioner's deposition is set on October 3, 2017. The Wife's Motion to Suspend [John Doe's] Timesharing with Minor Child is set for October 6, 2017. The unlawful PHI will be undoubtedly used at both thereby making John Doe's private information public record. In light of the depositions and hearings which will occur in the next day and during this week, John Doe respectfully requests that this Honorable Court address these issues on an urgent basis and to issue a temporary restraining order in the process. Not only would it be a direct violation of patient rights but it will be highly prejudicial if the unlawfully obtained patient records are used this week. Accordingly, the Court should promptly grant relief to address these urgent concerns on an emergency basis.

**I. Petitioner's right to confidential health records is protected under state and federal law.**

19. Florida Statute Chapter 397 of Substance Abuse Services outlines the rights of patients in Florida, including the right to confidentiality of individual records. §397.501, Fla. Stat. The records of service providers which pertain to the identity, diagnosis, and prognosis of and service provision to any individual are confidential in accordance with this chapter and with applicable federal confidentiality regulations and are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. Such records may not be disclosed without the written consent of the individual to whom they pertain except that appropriate disclosure may be made without such consent.

20. Further, the treatment center, Ambrosia, that Christiansen sought Petitioner's PHI from is governed by federal regulations, 42 U.S.C. §290dd-2 and 42 C.F.R. Part (§2.11),

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 9 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 9 of 18

governing Confidentiality of Alcohol and Drug Abuse Patient Records, 42 C.F.R. Part 2, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. Pts. 160 & 164.  Christiansen used the Petitioner's real name on the application for subpoena duces tecum.  Federal law requires that the application and any court order must use a fictitious name for any known client, _not_ the real name.  Additionally, all court proceedings in connection with the application for the court must remain confidential unless the patient requests otherwise 42 C.F.R. §2.64(a).  In addition, Christiansen failed to follow the requirements of Florida Statute Chapter 397.501 when applying for the application for the duces tecum.  Florida Chapter 397.501 mandates:

> An order authorizing the disclosure of an individual's protected heath records may be applied for by any person having a legally recognized interest in the disclosure which is sought. The application may be filed alone or as part of a pending civil action or an active criminal investigation in which it appears that the individual's records are needed to provide evidence. **An application must use a fictitious name, such as John Doe or Jane Doe, to refer to any individual and may not contain or otherwise disclose any identifying information unless the individual is the applicant or has given a written consent to disclosure or the court has ordered the record of the proceeding sealed from public scrutiny.**

(Emphasis added).  Petitioner never authorized the use of his real name and therefore all court proceedings in connection with Christiansen's application for an order regarding his subpoena duces tecum were a violation of section 42 C.F.R. 2.62 (§§2.64(a).  Further, for orders authorizing disclosure for noncriminal purposes, notice of the application must be given to the patient and to the holder of the records sought without identifying the patient to other persons.  42 C.F.R. §2.64(b)(1).  Petitioner was not given notice of the application submitted by Christiansen.  Even after notice of an application, the patient and/or the party holding any records must be given an opportunity to file a written response to the application and/or appear in person for the purpose

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 10 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 10 of 18

of providing evidence on the criteria for the issuance of the court order. 42 C.F.R. 2.64(b)(2). The Petitioner was not given the opportunity to file a written response or appear in front of the court. Petitioner's constitutional rights were and continue to be violated during and after the application process.

21.  Additionally, Petitioner's rights were violated by the Ambrosia treatment center under Florida Statute Section 397.501 that mandates adequate notice to ensure the law is followed regarding privacy including holding an in-chambers hearing:

> For applications filed alone or as part of a pending civil action, the individual and the person holding the records from whom disclosure is sought must be **given adequate notice in a manner which will not disclose identifying information to other persons, and an opportunity to file a written response to the application, or to appear in person, for the limited purpose of providing evidence on the statutory and regulatory criteria for the issuance of the court order**.
>
> Any oral argument, review of evidence, or hearing on the application **must be held in the judge's chambers** or in some manner which ensures that identifying information is not disclosed to anyone other than a party to the proceeding, the individual, or the person holding the record, unless the individual requests an open hearing. The proceeding may include an examination by the judge of the records referred to in the application.

§397.501(7)(h) - (i) (emphasis added).

22.  The Petitioner here did not have an opportunity to have a confidential hearing for the purpose of providing evidence on the criteria for the issuance of the court order. The Petitioner's rights were egregiously violated during the process that is designed to maintain privacy and limit the exposure of the patient's identity. Further, no hearing was heard in chambers or in a manner which ensures that the information will not be disclosed to anyone other than a party to the proceeding, the patient or the person holding the records, unless the patient requests an open hearing in the manner prescribed by the rules. *See* 42 C.F.R. §2.64(c).

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 11 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 11 of 18

23. The restrictions on a disclosure of PHI apply to any information that would identify the Petitioner as a substance user either directly or by implication. The subpoena duces tecum produced by Christiansen, that was submitted before the application hearing, named the treatment center with John Doe's full name and type of treatment documents unlawfully implicated Petitioner as a patient before Petitioner had the right to respond or appear in front of the state court as he is entitled to under Florida Statute Section 397.501.

24. Private health information is protected under the laws governing orders for disclosures for noncriminal procedures. Specifically, 42 C.F.R.§ 2.64 (e) states:

> Procedures and criteria for orders authorizing disclosures for noncriminal purposes. *Content of order*. An order authorizing a disclosure must, (a) limit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order; (b) limit disclosure to those persons whose need for information is the basis for the order; and (c) include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services; for example, sealing from public scrutiny the record of any proceeding for which disclosure of a patient's record has been ordered.

The subpoena for deposition duces tecum was not a valid document for the release of Petitioner's protected health information because the court had not issued an order for "good cause". Therefore, Christiansen knew or should have known that presenting any legal document to the treatment center claiming it was a valid legal document to disclose the Petitioner's PHI was untruthful and unlawful. Before issuing an authorizing order, the court must find that there is "good cause" for the disclosure. 42 C.F.R. § 2.64 (d). A court can find "good cause" only if it determines that the public interest and the need for disclosure outweigh any negative effect the disclosure will have on the client or the doctor-patient or counselor-client relationship and on the effectiveness of the program's treatment services. 42 C.F.R. §2.64(d)(2), 42 C.F.R §2.13(a) (emphasis added). Before it may issue an order, the court also must find that other ways of

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 12 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 12 of 18

obtaining the information are not available or would be ineffective 42 C.F.R. §2.64(d) (1). Additionally, even after the determination by a court for "good cause" the scope of the disclosure a court may authorize is limited to protect the patient. 42 C.F.R. § 2.64 (e)(3), 42 C.F.R § 2.13 (a). The court order authorizing disclosure must limit the information disclosed to those parts of the patient's records which are essential to the purpose of the order, limit disclosure to those persons whose need for the information is the source of the order, and include measures necessary to limit disclosure for the protection of the patient and the patient's treatment. 42 C.F.R. §2.64(e)(1).

25. A valid court order to release the Petitioner's PHI did not exist as there was not a ruling for "good cause" ordered. Moreover, even if the order was given after a determination of "good' cause" by the state court, the PHI is to be sealed by the health care provider and delivered straight to the court to ensure no third party has access to the patient's PHI. 42 C.F.R. §2.13(e). The Petitioner's PHI was never authorized to go directly to Christiansen or any other unauthorized third party. The court is also required to take any other steps necessary to protect the patient's confidentiality, including sealing court records from public scrutiny 42 C.F.R. §2.64(e). Under laws enacted to protect patients such as the Petitioner, a state or federal court may issue an order permitting a program to make a disclosure about a patient that would otherwise be forbidden. However, a court may issue one of these authorizing orders only after it follows special procedures and makes particular determinations required by the regulations. A subpoena, search warrant, or arrest warrant, even when signed by a judge, is not sufficient, standing alone, to require or even to permit a program to disclose information. 42 C.F.R. (§2.61). Christiansen did not have the authority or qualifying documents, namely the subpoena duces tecum protective order denial, to demand the Petitioner's PHI from Ambrosia. Patient records may only be disclosed or

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 13 of 18

used as permitted by the regulations and may not otherwise be disclosed or used in any civil, criminal, administrative, or legislative proceeding conducted.  42 C.F.R. §2.13(a).  The state court must follow the law regarding the process of court orders and subpoenas with regard to PHI of persons protected under 42 U.S.C. §290dd-2 and 42 C.F.R. Part 2 §2.11.

26. The court may order disclosure of "confidential communications" by a client to the program only if the disclosure is (1) necessary to protect against a threat to life or of serious bodily injury, (2) necessary to investigate or prosecute an extremely serious crime (including child abuse), (3) connected with a proceeding at which the client has already presented evidence concerning confidential communications 42 C.F.R. §2.63 (a).  As a substance abuse patient, the Petitioner is protected under federal regulation regarding subpoenas and court-ordered disclosures as defined below: 42 C.F.R. Part 2 permits programs to release information in response to a subpoena if the patient signs a consent permitting release of the information requested in the subpoena.  When the patient does not consent, Part 2 prohibits programs from releasing information in response to a subpoena, unless a court has issued an order that complies with the rule.  The Privacy Rule only permits a covered entity to disclose PHI pursuant to a subpoena without a prior written authorization, if it receives satisfactory assurance from the party seeking the information that reasonable efforts have been made to ensure that the individual has been given notice of the request for PHI and the opportunity to object, or reasonable efforts have been made to secure a qualified protective order.  45 CFR §164.512(e)(1)(ii).  The treatment center is a covered entity under 45 CFR, that is also required to follow 45 C.F.R §164.508, uses and disclosures for which an authorization is required.  As a patient at the treatment center, the Petitioner's psychotherapy notes are highly protected under federal law.

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 14 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 14 of 18

**27.** Specifically, the psychotherapy notes that were disclosed require a separate and specific authorization that the patient must sign before the disclosure of these notes to any third party. Psychotherapy notes are more stringently protected documents under 45 C.F.R 164.508 (2). The notes in the Petitioner's disclosed PHI meet the criteria of psychotherapy notes. 45 CFR Part 164, § 164.501 These notes are specifically protected under 45 C.F.R 164.508 (2) and are not to be disclosed without an authorization that is valid under 45 C.F.R § 164.508. The Petitioner is also protected under 45 C.F.R Part 164, Subpart E-Privacy of Individually Identifiable Health Information, §164.512 that mandates the only uses and disclosures for which an authorization or opportunity to agree or object is not required.

*28.* HIPAA laws were enacted to protect patients like the Petitioner and confidentiality and security of their healthcare information. HIPAA standards are used to establish the acceptable standard of care for privacy protection by "covered entities" of PHI. The treatment center is governed under these regulations because it is a "covered entity" pursuant to HIPAA. Christiansen was aware of this and still facilitated the release of Petitioner's PHI unlawfully without the protection of the state court. HIPAA and its standards are a powerful federal statute set for the minimal standard for confidentiality of PHI. HIPAA was intended to protect confidentiality and establish privacy rights of patients like the Petitioner. Christiansen, and the lack of the state court intervening, which facilitated the unlawful breach of the Petitioner's records under even the minimal standard of privacy laws.

**II.    Requirements for a temporary restraining order.**

**29.** A temporary restraining order will be granted if: (1) there is a substantial likelihood of success on the merits of the underlying dispute; (2) there is a substantial threat that the moving

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 15 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 15 of 18

party will suffer irreparable injury if the injunction is not issued; (3) the threatened injury to the moving party outweighs any damage the injunction might cause to the opposing party; and (4) the injunction will not disserve the public interest. *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Tally-Ho, Inc. v. Coast Community College Dist,* 889 F.2d 1018, 1022 (11th Cir. 1989). The purpose of a temporary injunction is not to resolve a dispute on the merits, but rather to preserve the status quo until the final hearing when full relief may be granted. *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.,* 792 F. Supp. 775 (M.D. Fla. 1991).

30.     *The Plaintiff is likely to succeed on the merits of the claim.* The Petitioner has constitutional rights that have been violated as a citizen and a patient protected under 42 U.S.C. §§ 290dd-2  42 U.S.C. A multitude of violations have occurred pursuant to federal and state laws. The state court breached its duty of due care by denying the Motion to Quash and failing to use the statutorily mandated protections afforded to the Petitioner regarding the dissemination of Petitioner's private and confidential medical records that are protected under federal and state law. By facilitating the release of these private and protected records to a third-party, Christiansen and the state court violated Petitioner's procedural and substantive constitutional right to due process as well as Petitioner's privacy rights.

31.     *The irreparable harm is clear and indisputable.* If a suspension of the open hearing and deposition of the Petitioner is not granted the damages suffered by Petitioner will be irreparable to his personal and professional reputation and he will suffer continued severe mental anguish. The unlawful disclosure could have an impact on the outcome of his child custody case that has further caused severe mental anguish. The continued violation of the Petitioner's rights will irreparably damage Petitioners' professional reputation and the viability of his career and with

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 16 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 16 of 18

his livelihood as he is a professional in the very industry that his PHI is, or will be disclosed to, if it is not properly protected as required under the law.

**32.**   *In comparison, harm to Defendants from this injunction will be modest.*  The harm to Defendants will be quite low in comparison to that of John Doe.  These records included protected treatment records which should never have been disclosed to Attorney John Christiansen by the treatment center.  As a result, the harm to Defendants in granting this TRO is not great because they merely have to submit to a hearing in circuit court on the court's own decisions to what is proper, if anything, to release to Attorney John Christiansen.  Yet the harm that can be inflicted upon John Doe is great.  Those 66 pages of records cannot be unseen by Attorney Christiansen and the ex-wife in the divorce case.  Therefore, any further use of the records will result in additional damage to John Doe when the records should not have been simply provided by the treatment center to John Christiansen.  The short time John Doe is requesting an order to have the records released in the proper method and reviewed as even meeting the criteria to be released is in no way damaging to Attorney Christiansen or the Wife in the underlying divorce case.  Once the PHI cat is out of the proverbial bag, it can never be put back in.  It cannot be unseen, unread or unheard.  And once the records are recorded by deposition or motion hearing as John Christiansen would like, the poisonous tree falls right on John Doe.  This will cause an unfair advantage to John Christiansen forever.  By comparison, the unfair disadvantage will be felt by John Doe forever.

**33.**   *Public interest weighs heavily in favor of granting this injunction.* The Petitioner is a patient that is protected under federal and state law while engaged in court proceedings.  The violation of his constitutional rights sets the precedence of how an individual's PHI is handled in

Case 9:17-cv-81115-RLR   Document 1   Entered on FLSD Docket 10/04/2017   Page 17 of 18

Doe v. Christensen, et., al.
Emergency Petition for TRO
Page 17 of 18

the judicial system. The lack and complete neglect of the Petitioner's due process to court proceedings designed to protect privacy and confidentiality according to federal and state laws is of interest to the public and citizens that receive substance abuse treatment. The stigma associated with substance abuse treatment already greatly hinders many citizens from seeking treatment. The allowance of the state court's neglect to protect confidentiality and to deprive citizens of their due process in the judicial system is far reaching in its detrimental consequences. If no action is taken, an already under-served and vulnerable part of the public will be effectively rendered terrified to seek substance abuse treatment for fear of the violation of their privacy and the public scrutiny that they may suffer.

34.     Accordingly, all factors for an emergency temporary restraining order are met, and this Honorable Court should enter a temporary restraining order for up to 14 days and allow the state and federal law patient privacy violations to be heard.

**WHEREFORE**, Petitioner John Doe respectfully prays that this Court enter a temporary restraining order and preliminary injunction ordering:

    **a.** Defendants and all persons acting on their behalf, in concert with them, or under their control, are hereby enjoined and restrained from engaging in, doing, committing, or performing, directly or indirectly, any and all of the

    **b.** Taking the deposition of John Doe;

    **c.** Proceeding with the hearing on October 6, 2017, or any other hearing on the underlying matter until such time that privacy concerns are resolved in accordance with the law;

    **d.** Using the Ambrosia Treatment Center records in a manner whatsoever until further order of this court.

**FURTHER AFFIANT SAYETH NAUGHT.**

Under penalties of perjury, I declare that I have read the foregoing instrument and that the facts stated herein are true either based upon my personal knowledge or to the best of my knowledge and belief as the context so indicates.[1]

10/3/17
DATE

TABITHA A. TAYLOR

**Yarnell | Taylor | Nieves**
Counsel for Plaintiff
712 U.S. Hwy 1, Suite 301-24
North Palm Beach, Florida 33408-4521
Tabitha@CivilLawFlorida.com
Eservice@CivilLawFlorida.com
Office:    561.336-6222
Fax:    561.828.6296

By:    /s/ Tabitha A. Taylor, Esq.
       TABITHA A. TAYLOR
       Florida Bar No.: 113915

---

[1] This instrument has been verified under penalty of perjury without notarization as allowed by 28 U.S.C. 1746.